**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:   Case No. 6:13-bk-07056-CCJ

ORLANDO GATEWAY PARTNERS, LLC
    Debtor.                                                                EXPEDITED HEARING
_____/

**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE**
**WITHOUT PREJUDICE**

ORLANDO GATEWAY PARTNERS, LLC, ("Debtor") by and through the undersigned counsel, file its Motion to Dismiss Chapter 11 Case Without Prejudice and states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(A), (O).

2. The relief sought pursuant to this Motion is based upon sections 1112(b)(1) and 305(a) of title 11 of the Bankruptcy Code and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On June 5, 2013 (the "Petition Date"), the Debtor filed an emergency voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is managing its affairs as a debtor-in-possession.

4. The Debtor is involved in contentious state court litigations against GOOD GATEWAY, LLC , SEG GATEWAY LLC, GOOD CAPITAL GROUP, INC. that

are currently pending in the 9th Judicial Circuit, in and for Orange County, Florida case number 2010-CA-015315-O and 2009-CA-039746-O.

5. The co-defendants in the Good Capital litigation state court action 2009-CA-039746-O include the Debtor, Nilhan Hospitality, LLC, Niloy & Rohan, LLC, Steven C. Smith, and Chittranjan K. Thakkar.

6. On June 25, 2013, GOOD GATEWAY, LLC , SEG GATEWAY LLC, GOOD CAPITAL GROUP, INC filed its Motion to Dismiss [DE 18].

7. On June 28, 2013, GOOD GATEWAY, LLC , SEG GATEWAY LLC, GOOD CAPITAL GROUP, INC filed its Motion for Relief from Automatic Stay [DE 27]

8. On July 15, 2013, this Honorable Court conducted a lengthy hearing GOOD GATEWAY, LLC , SEG GATEWAY LLC, GOOD CAPITAL GROUP, INC., Motion to Dismiss Chapter 11 and Motion for Relief from Stay.

9. At the close of the evidentiary hearing on July 15, 2013, the Court denied the Motion to Dismiss but granted the Motion for Relief from Stay and lifted the automatic stay so that the state court action against the Debtor pending in the 9th Judicial Circuit, in and for Orange County, Florida case numbers 2009-CA-039746-O and 2010-CA-015315-O could move foreword for a resolution of the issues raised in those litigations.

10. This Honorable Court indicated that the Court cannot make a determination as to secured and unsecured creditors without the state court cases being resolved.

11. This Honorable Court further indicated that the Court could not determine who the debtor's creditors are without the state court case being resolved.

12. This Honorable Court further indicated that the debtor would not be able to set forth a plan for reorganization without a resolution of the state court claims.

13. On July 22, 2013, a pre-trial was held on both state court matters and the trial court removed both cases from the August trial docket and continued the trials for as yet undetermined dates likely to be scheduled in 2014.

## RELIEF REQUESTED

### A. This Court Should Dismiss the Debtor's Bankruptcy Case for "Cause" under 11 U.S.C. § 1112(b).

14. The Debtor filed for protection under Chapter 11 of the Code in good faith seeking to setforth a viable plan of reorganization while continuing to operate as a viable business entity.

15. As this Honorable Court has indicated in granting the Motion for Relief from Stay, the Debtor cannot propose a plan of reorganization without the state court matters being resolved.

16. The state court trials have been continued to undetermined dates but are likely to proceed sometime in early 2014

17. Due to the granting of the relief from stay, and the continuation of the state court trials, Debtor is unable to propose a confirmable plan of reorganization within the time allotted by Bankruptcy Code section 1121 which gives a debtor-in-possession the exclusive right to file a plan of reorganization for 120 days.

18. Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, the Court **shall** dismiss a bankruptcy case "for cause."[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")

---

[1] Section 1112(b)(1) states, in pertinent part:
on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

changed the statutory language with respect to conversion and dismissal such that now, upon a finding of "cause," the Court must dismiss or convert a Chapter 11 case absent unusual circumstances *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (the amendments to section 1112 limit the court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal such that this Court has no choice, and no discretion in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)"); *In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found, the court shall dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate").

19. Here, "cause" exists to dismiss the Debtor's bankruptcy case because the Debtor is unable to put forth a confirmable plan for reorganization without a resolution of the state court issues.  Section 1112(b)(4) of the Bankruptcy Code provides a nonexclusive list of 16 grounds for dismissal.  11 U.S.C. § 1112(b)(4)(A)-(P). See *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011) (section 1112(b)(4) contains a non-exclusive list of enumerated examples of facts that would constitute cause); *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991) (the list is non-exhaustive and courts should consider other factors as they arise); *3 Ram*, 343 B.R. at 117 ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are

illustrative, not exhaustive has not"); accord *In re Frieouf*, 938 F.2d 1099, 1102 (10th Cir. 1991) (Section 1112(b)'s list is non-exhaustive).

20. One such ground is where a debtor-in-possession is unable to "… to file or confirm a plan, within the time fixed by this title or by order of the court." §1112(b)(4)(f).

21. Given these circumstances, there can be no question that "cause" for dismissal exists under Section 1112(b) of the Bankruptcy Code.

**B. Dismissal Under 11 U.S.C. § 1112(b) Is in the Best Interests of the Debtor's Estates and Creditors**

22. Once a court determines that cause exists to dismiss a Chapter 11 case, the court also must evaluate whether dismissal is in the best interests of the estate and creditors. See In re Superior Sliding & Window, Inc., 14 F.3d 240, 243 (4th Cir. 1994); In re Mazzocone, 183 B.R. 402, 411 (Bankr. E.D. Pa. 1995), aff'd, 200 B.R. 568 (E.D. Pa. 1996).

23. Dismissal of this Chapter 11 case is in the best interests of the Debtor's estates and creditors. As noted above, the Debtor is unable to setforth a plan of reorganization prior to the resolution of the issues raised in the state court litigations.

24. The Debtor also notes that, because itis the party seeking dismissal of this voluntary case (as opposed to a creditor seeking dismissal or conversion), the Debtor's request for dismissal rather than conversion should be given some deference. See *In re Mech. Maint., Inc.*, 128 B.R. 382, 385 (E.D. Pa. 1991) (opining that the debtor, because it had filed a voluntary petition, should be able to get out of bankruptcy unless the creditors can show plain legal prejudice, which is a difficult standard to meet).

**C. In the Alternative, Dismissal of the Debtor's Bankruptcy Case Is Warranted under Section 305(a)(1) of the Bankruptcy Code**

25. Alternatively, cause exists to dismiss this Chapter 11 case pursuant to Section 305(a) of the Bankruptcy Code, which provides, in pertinent part:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if —

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. § 305(a).

26. Courts have considered a wide range of factors when construing Section 305(a), including, but not limited to:

(i) economy and efficiency of administration;
(ii) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;

(iii) whether federal proceedings are necessary to reach a just and equitable solution;

(iv) whether there is an alternative means of achieving an equitable distribution of assets;

(v) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

(vi) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and

(vii) the purpose for which bankruptcy jurisdiction has been sought.

27. Dismissal of this case is warranted under Section 305(a)(1). Dismissal, rather than conversion, represents the least expensive and most efficient method for concluding the Debtor's instant case.

WHEREFORE, the Debtor, ORLANDO GATEWAY PARTNERS LLC., requests that the Court: (A) Enter an order granting, without prejudice, the dismissal of Debtor's Chapter 11 case, and

(B) Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted on this day 29th day of July, 2013.

> NeJame Law
> NeJame, LaFay, Jancha,
> Ahmed, Barker, Joshi, & Moreno, P.A.
> 189 South Orange Avenue, Suite 1800
> Orlando, Florida 32801
> Office No: (407) 245-1232
> Facsimile No: (407) 245-2980
>
> /s/Thomas A. Sadaka
> THOMAS A. SADAKA
> Florida Bar No: 0915890

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of document number __ has been electronically filed through the CM/ECF system which will provide copies to all counsel of record this 29th day of July, 2013.

> /s/Thomas A. Sadaka
> THOMAS A. SADAKA, ESQ.